**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                                    :
ATOO HEERA SAKRANI, et al.,          :
                                                    :
          Plaintiffs,                            :
                                                    :          Civil Action No. 05-1192 (JAG)
                   v.                              :
                                                    :                    **OPINION**
JEFFRY KOENIG, et al.,                   :
                                                    :
          Defendants.                         :
_____:


**GREENAWAY, JR., U.S.D.J.**

 This matter comes before this Court on the "Motion for Remand of Defendants' Removal

to the Superior Court of New Jersey, Bergen County, Law Division" ("Motion for Remand")

(docket entry number 5) of plaintiffs, Atoo Heera Sakhrani and Kazuyo Ueda Sakhrani

("Plaintiffs" or "the Sakhranis"); the "Motion to Dismiss Plaintiffs' Complaint Pursuant to FED.

R. CIV. P. 12(b)(6)" ("Motion to Dismiss") (docket entry number 8) of defendants, Jeffry Koenig,

Esq., Penelope Codrington, Esq., and Porzio, Bromberg & Newman, P.C., (collectively,

"Defendants"); and Plaintiffs' "Motion to Deny and Dismiss Defendants' Motion to Dismiss

Plaintiffs' Complaint" ("Motion to Deny") (docket entry number 6).[1]  This Court referred these

motions to Magistrate Judge G. Donald Haneke for a Report and Recommendation ("R&R"),

pursuant to FED. R. CIV. P. 72(b) and L. CIV. R. 72.1(a)(2).  Magistrate Judge Haneke issued a

---

[1] While titled as a motion, this document is in fact Plaintiffs' opposition to Defendants'
Motion to Dismiss.  Since this Court is granting Defendants' Motion to Dismiss, even if docket
entry number 6 were a motion, it would, by necessity, be denied.

1

R&R on August 26, 2005, wherein he recommended that this Court deny Plaintiffs' Motion for Remand and grant Defendants' Motion to Dismiss.  Plaintiffs filed objections to the R&R.

A magistrate judge's recommended disposition of a dispositive motion is subject to <u>de novo</u> review.  <u>In re U.S. Healthcare</u>, 159 F.3d 142, 145-46 (3d Cir. 1998); <u>Temptations, Inc. v. Wager</u>, 26 F. Supp. 2d 740, 743 (D.N.J. 1998).  <u>See also</u> Fed. R. Civ. P. 72(b).  Since a motion to remand and a motion to dismiss are dispositive motions, this Court has conducted a <u>de novo</u> review of the parties' submissions, and concluded that Magistrate Judge Haneke's R&R will be modified as set forth in this opinion.

**<u>Background</u>**

Judge Haneke's R&R sets forth the facts and procedural history of the present case.  To summarize, on February 1, 2005, Plaintiffs filed a complaint in Superior Court in Bergen County alleging various state and federal causes of action against Defendants, who are counsel for the First National Bank of Arizona ("FNBA") in other litigation involving the Sakhranis that is currently pending before this Court.  On February 28, 2005, Defendants removed the case to federal court, pursuant to 28 U.S.C. § 1441, based on federal question jurisdiction, as set forth in 28 U.S.C. § 1331.  In their complaint, Plaintiffs allege violations of two federal statutes:[2] the Fair Debt Collection Practices Act ("FDCPA") and the Racketeering Influenced and Corrupt

---

[2]  While Plaintiffs, in their objections to Judge Haneke's R&R, state that "Plaintiffs have been relying only on New Jersey statutes to bring their claims forward," (Objections to Magistrate's Report and Recommendation 10), the face of their complaint clearly indicates otherwise.  <u>See, e.g.</u>, Verified Compl. and Demand for Jury Trial (hereinafter, "Compl.") ¶ ¶ 11 (Defendants acted "in violation of the Fair Debt Collection Practices Act []FDCPA, 15 U.S.C. § 1692."), 93 (Defendants acted in a civil and criminal conspiracy with FNBA and its agents and representatives "in violation of state and federal R.I.C.O. statutes, 18 U.S.C. § 1961.").

Organizations Act ("RICO").[3]

## Motion to Dismiss

On a motion to dismiss for failure to state a claim, pursuant to FED. R. CIV. P. 12(b)(6), the court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. See Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 (3d Cir. 1994). A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397 (3d Cir. 2000). The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). While a court will accept well-pled allegations as true for the purposes of the motion, it will not accept unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Sutton v. United Airlines, Inc., 527 U.S. 471, 475 (1999). Moreover, the claimant must set forth sufficient information to outline the elements of his or her claims or to permit inferences to be drawn that the elements exist. See FED. R. CIV. P. 8(a)(2); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The court may consider the allegations of the complaint, as well as documents attached to

---

[3]   In removing the case to this Court, Defendants cited three federal statutes – the two referenced above, as well as the Truth in Lending Act ("TILA"). However, this Court has been unable to identify any language in the complaint that alleges the Defendants violated TILA. Rather, Plaintiffs allege that other businesses and individuals violated TILA. See, e.g., Compl. ¶ ¶ 35 ("Majestic, Botulinski and/or Tarapata violated the Truth in Lending Act"), 73 (the bank and its agents failed to make disclosures pursuant to TILA in connection with the preparation of loan documents). Since Plaintiffs do not claim that Defendants participated in the preparation of the loan documents, the latter allegation could not apply to them.

or specifically referenced in the complaint, and matters of public record. See Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998); 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357. "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). "A 'document integral to or explicitly relied on in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" Id. (citation omitted). Any further expansion beyond the pleading, however, may require conversion of the motion into one for summary judgment. FED. R. CIV. P. 12(b).

*Fair Debt Collection Practices Act ("FDCPA")*

In response to concern over the "use of abusive, deceptive, and unfair debt collection practices by many debt collectors," Congress enacted the FDCPA. 15 U.S.C. § 1692. The FDCPA establishes a civil cause of action against "any debt collector who fails to comply with any provision of this subchapter with respect to any person." 15 U.S.C. § 1692k(a). "Debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

Originally, "[t]he statute as enacted on September 20, 1977, contained an exception for attorneys collecting debts on behalf of clients." Crossley v. Lieberman, 868 F.2d 566, 569 (3d Cir. 1989) (citing Fair Debt Collection Practices Act of 1977, Pub. L. No. 95-109, 91 Stat. 874 (1977) (codified at 15 U.S.C. § 1692. (1982))). The exception for attorneys was deleted in 1986.

Id. (citing Fair Debt Collection Practices Act, Amendment, Pub. L. No. 99-361, 100 Stat. 768

(1986) (codified as amended 15 U.S.C.A. § 1692 (West Supp.1988))).  This change was made in

response to data that disclosed that, "by 1985, more lawyers were engaged in the debt collection

industry than non-attorney debt collectors."  Id.  However, adoption of this amendment does not

mean that all attorneys are automatically considered to be debt collectors for purposes of the

FDCPA.  See Federal Trade Commission, Statements of General Policy or Interpretation Staff

Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50,097, 50,100 (Dec. 13,

1988) ("Attorneys or law firms that engage in traditional debt collection activities (sending

dunning letters, making collection calls to consumers) are covered by the FDCPA, but those

whose practice is limited to legal activities are not covered.  Similarly, filing or service of a

complaint or other legal paper (or transmission of a notice that is a legal prerequisite to

enforcement of a debt) is not a 'communication' covered by the FDCPA, but traditional

collection efforts are covered." (footnotes omitted)).

        In considering whether attorneys and law firms are debt collectors for purposes of the

FDCPA, the Third Circuit has considered factors such as the volume and type of cases filed by an

attorney, as well as his own admission that debt collection on behalf of creditors was a principal

part of his practice.  Crossley, 868 F.2d at 569-70.  More recently, the Third Circuit reiterated its

reliance on an attorney's description of his practice as evidence of the attorney being a debt

collector.  Piper v. Portnoff Law Assoc., 396 F.3d 227, 234 (3d Cir. 2005) ("[The firm's]

acknowledgment that attempting to collect similar claims in a similar manner is its sole business,

[shows] that it is a 'debt collector' under the FDCPA.").  In that same case, the Third Circuit also

considered the specific language demanding payment of a debt in letters sent by counsel to

support the conclusion that the attorney was a debt collector for purposes of the FDCPA.  Id. at

233 ("Every letter [the firm] sent to the [plaintiffs] demanded the personal payment of money . . .

Indeed, as the text of the letters evidences, the whole purpose of these communications was to

secure the payment of money in satisfaction of this debt.").

In the present case, Plaintiffs have failed to allege any conduct on the part of Defendants

that would indicate the Defendants are debt collectors for purposes of the FDCPA.  Rather,

Plaintiffs have simply alleged that Defendants represent FNBA in First Nat'l Bank of Arizona v.

Majestic Home Mortgage, et al., Civil Action No. 02-2935 (D.N.J.) (hereinafter "FNBA

action").[4]  The complaint in that case alleges negligence against several defendants, unjust

enrichment against the Sakhranis, breach of contract against several defendants, including the

Sakhranis, breach of the covenant of good faith and fair dealing against one defendant, consumer

fraud against several defendants, common law fraud against several defendants, and breach of

fiduciary duty against one defendant.  This Court cannot conclude that the filing of a legal action

against multiple defendants, involving a variety of legal theories, demonstrates that the

Defendants are debt collectors for purposes of the FDCPA.  Rather, general litigation is an

activity explicitly described as not being covered by the FDCPA in the Staff Commentary

interpreting the FDCPA.  That is, attorneys "whose practice is limited to legal activities are not

covered" by the FDCPA. 53 Fed. Reg. at 50,100.  While the plaintiff in First National Bank of

---

[4]  Since Plaintiffs specifically refer to First National Bank of Arizona v. Majestic Home
Mortgage, et al., and since the complaint is a matter of public record, this Court will consider the
contents of that complaint in reaching a decision in the present case.  See Pittsburgh v. W. Penn
Power Co., 147 F.3d at 259; 5A WRIGHT & MILLER, FED. PRACTICE & PROCEDURE § 1357.  "A
'document integral to or explicitly relied on in the complaint' may be considered 'without
converting the motion [to dismiss] into one for summary judgment.'" In re Burlington Coat
Factory Sec. Litig., 114 F.3d at 1426 (citation omitted).

<u>Arizona v. Majestic Home Mortgage, et al.</u> is seeking monetary damages, that is not uncommon in general litigation matters.  It is not enough to make the plaintiff's counsel a debt collector for purposes of the FDCPA.

The FDCPA only provides civil remedies for violations of the act by a debt collector. Here, Plaintiffs have failed to allege any facts demonstrating that Defendants are debt collectors for purposes of applying the FDCPA.  As a consequence, Plaintiffs have failed to state a claim upon which relief can be granted, and Plaintiffs' claim under the FDCPA shall be dismissed.

*RICO*

The Supreme Court has held that in order to state a violation of 18 U.S.C. § 1962 a plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity."  <u>Sedima v. Imrex Company, Inc.</u>, 473 U.S. 479, 496 (1985).  An enterprise, for purposes of the RICO Act, "includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).  An individual "conduct[s] or participate[s], directly or indirectly, in the conduct of such enterprise's affairs, under § 1962, if one participate[s] in the operation or management of the enterprise itself."  <u>Reves v. Ernst & Young</u>, 507 U.S. 170, 185 (1993). "Racketeering activity" is "any act 'indictable' under numerous specific federal criminal provisions, including mail and wire fraud," as well as other activities not relevant here.  <u>Sedima</u>, 473 U.S. at 481 (quoting 18 U.S.C. § 1961).  A "pattern of racketeering activity requires at least two acts of racketeering activity."  18 U.S.C. § 1961.

Additionally, "[i]n order to establish standing to bring a civil suit under RICO, plaintiff must show that 'the defendant's violations were a proximate cause' of the plaintiff's injury, i.e.,

there was a 'direct relationship between the plaintiff's injury and defendant's injurious conduct.'" Eli Lilly and Co. v. Roussel Corp., 23 F. Supp. 2d 460, 483 (quoting First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 769 (2d Cir. 1994)).  "This requires a showing (1) that the defendant's alleged RICO violation was the 'but for' cause of his injury; and (2) that thte violation was the direct or proximate cause of the injury."  Id. (citing Holmes v. Securities Investor Protection Corp., 503 U.S. 258 (1992).  In connection with the standing requirement, "the RICO pattern or acts proximately cause a plaintiff's injury if they are a substantial factor in the sequence of responsible causation and if the injury is reasonably foreseeable or anticipated as a natural consequence."  Brittingham v. Mobil Corp., 943 F.2d 297, 304 (3d Cir. 1991) (citing Hecht v. Commerce Clearing House Inc., 897 F.2d 21, 23-24 (2d Cir. 1990)).

Here, Plaintiffs allege that Defendants engaged in mail and wire fraud as part of a conspiracy to fraudulently foreclose on Plaintiffs' residence.  (Compl. ¶ 93.)  Plaintiffs claim that, as a result of the alleged RICO conspiracy, they suffered "severe damage to their worldwide business." (Compl. ¶ 76.)[5]  Plaintiffs have failed to articulate the nature of their business, the role that their residential property plays in their business, or how Defendants' conduct prevented Plaintiffs from engaging in their business.  Furthermore, Plaintiffs have failed to draw any connection between Plaintiffs' purported harm and Defendants' conduct.  Plaintiffs' bald assertions are insufficient to show that they have suffered an actual injury to their business

----

[5] Notably, Plaintiffs never allege harm to their residential property that it is the subject of the FNBA action.  That is, Plaintiffs still own their property, and have made no claim that it has been damaged or harmed in any way.

caused by Defendants' actions.[6]  Further, lacking any clear allegation of harm, it is impossible for this Court to evaluate whether that harm would be a foreseeable result of Defendants' actions. Essentially, Plaintiffs have failed to illustrate how Defendants' filing of the complaint in the FNBA action was any factor, let alone a substantial factor, directly causing injury to Plaintiffs' business.  Plaintiffs' single allegation of injury does not suffice to confer standing on Plaintiffs to make a civil RICO claim, pursuant to 18 U.S.C. § 1962.

Even if Plaintiffs had standing to pursue a civil RICO action, their claim would fail since they do not allege a pattern of racketeering activity.  That is, even if this Court were to assume that filing the FNBA action was an instance of racketeering activity, it is only a single act of racketeering activity.  At least two acts are required to establish a pattern of racketeering activity. 18 U.S.C. § 1961.  Finally, this Court previously has noted that "to permit conduct in a pending action to serve as a basis of a RICO claim would improperly apply the RICO statute."  Eli Lilly and Co. v. Roussel Corp., 23 F.Supp. 2d 460, 483 (citing Rafferty v. Halprin, No. 90- 2751, 1991 WL 148798, at *7 (S. D .N. Y. July 26, 1991)).  This observation continues to hold true.

As explained above, Plaintiffs lack standing to bring a claim under the civil RICO statutes.  Additionally, even if Plaintiffs had standing to bring a claim, they fail to allege a pattern of racketeering activity, as required by the RICO statute.  As a result, Plaintiffs' civil RICO claim shall be dismissed for failing to state a claim upon which relief can be granted.

---

[6] See Morse v. Lower Merion School District, 132 F.3d 902, 906 (3d Cir. 1997) ("courts, when considering 12(b)(6) motions, have rejected 'legal conclusions,' 'unsupported conclusions,' 'unwarranted inferences,' 'unwarranted deductions,' 'footless conclusions of law,' or 'sweeping legal conclusions cast in the form of factual allegations'" (quoting 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1997))).

**State law claims**

The remaining substantive claims in the complaint are all based on New Jersey state law. Jurisdiction over state law claims is provided by 28 U.S.C. § 1367(a), which states that, with certain exceptions not relevant here, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, "district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c). The Third Circuit has observed that "[t]he power to exercise pendent jurisdiction, though largely unrestricted, requires, at a minimum, a federal claim of sufficient substance to confer subject matter jurisdiction on the court." Tully v. Mott Supermarkets, Inc., 540 F.2d 187, 196 (3d Cir. 1976) (citing United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)). Further, in cases where the federal claims are subject to dismissal under FED. R. CIV. P. 12(b)(6), "the court should ordinarily refrain from exercising jurisdiction in the absence of extraordinary circumstances." Id.

In the present case, all federal claims have been dismissed. Further, plaintiffs have not presented any exceptional circumstances that would remove this case from the general rule requiring dismissal of the state law claims. Specifically, the Third Circuit has observed that "considerations of 'judicial economy, convenience, and fairness to the litigants' dictate that pendent claims be entertained." Id. None of those factors are present here.

**Motion for Remand**

Turning to Plaintiffs' Motion to Remand, this Court will grant that motion in part. Having dismissed all federal claims, this Court has exercised its discretion not to assert supplemental jurisdiction over the remaining state law claims, as discussed above.  These decisions moot Defendants' arguments in opposition to the Motion to Remand.   That is, Defendants oppose the Motion to Remand, arguing that (1) the complaint, on its face, invokes federal question jurisdiction; (2) all procedural requirements for removal were satisfied; and (3) the Court should not abstain from hearing the federal claims.  This Court adopts Judge Haneke' R&R with respect to the analysis of the procedural requirements for removal, and concludes that all procedural requirements for removal were satisfied.  While Defendants are correct that the complaint raised federal questions, those claims have been dismissed.  Further, having dismissed all federal claims, this Court need not consider whether or not to abstain from hearing those claims.

This Court shall remand the state law claims,[7] pursuant to 28 U.S.C. § 1441(c), which provides that "[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may

_____

[7]  As Plaintiffs are proceeding pro se, allegations in the various counts of the complaint are, at times, muddled.  The first count of the complaint is particularly confusing, making it difficult to parse out the specific allegations.  Insofar as any part of the first count addresses a state law cause of action, that count will be remanded.  However, the second count (malicious abuse of process), third count (intentional infliction of emotional distress), fourth count (fraud), fifth count (trespass), and sixth count (conspiracy) appear to address only state law claims.  The eighth count attempts to allege collateral estoppel as a cause of action, rather than raising it as an affirmative defense.  This count also will be remanded for the state court to address as it deems appropriate.

determine all issues therein, or, in its discretion, may remand all matters in which State law predominates."

## **Conclusion**

For the reasons set forth above, Judge Haneke's R&R shall be adopted in part, in accordance with this opinion.  Specifically, for the reasons set forth above, the Motion to Dismiss shall be granted since Plaintiffs fail to state any claims upon which relief can be granted under either the FDCPA or RICO statutes.  Further, this Court declines to assert supplemental jurisdiction over the state law claims.  Finally, the Motion to Remand shall be granted in part, with the state claims remanded to the Superior Court.


 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.


Dated: December 29, 2005

12